**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SEANNA GALARZA,

    Plaintiff,

v.                                      Case No:

DISCOVER PRODUCTS, INC.,

    Defendant.                   **DEMAND FOR JURY TRIAL**

_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **SEANNA GALARZA** ("Mrs. Galarza" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, DISCOVER PRODUCTS, INC.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Mrs. Galarza's Cellular Telephone after Mrs. Galarza demanded that Defendant stop calling her Cellular Telephone several times, which can reasonably be expected to harass Mrs. Galarza.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Mrs. Galarza, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "consumer" or a "debtor" as defined by Fla. Stat. § 559.55 (8).

5. Mrs. Galarza is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-1508 ("Mrs. Galarza's Cellular Telephone").

6. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of Utah, and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

### *Statements of Fact*

7. Under information and belief, Mrs. Galarza opened a credit card account for personal or household use with Defendant ("Account").

8. Sometime thereafter, Mrs. Galarza encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

9. In or around May of 2018, Defendant began placing calls to Mrs. Galarza's Cellular Telephone in attempts to collect the Debt.

10. Mrs. Galarza spoke with Defendant in October of 2018 and told Defendant that she could not afford the payments on the Account and to stop calling her Cellular Telephone.

11. Despite Mrs. Galarza's demand, Defendant continued to place calls to Mrs. Galarza's Cellular Telephone in attempts to collect the Debt.

12. In October of 2018, Mrs. Galarza spoke to Defendant and arranged a payment plan with Defendant

13. During the payment plan arrangement call, Mrs. Galarza again demanded that Defendant to stop its calls to her Cellular Telephone.

14. Despite Mrs. Galarza's demands, Defendant continued to place calls to Mrs. Galarza's Cellular Telephone in attempts to collect the Debt.

15. For instance, on or around April 12, 2019, Defendant called Mrs. Galarza's Cellular Telephone yet again.

16. Mrs. Galarza spoke with Defendant and told Defendant that its calls were harassing and causing her distress and again demanded that Defendant stop calling her Cellular Telephone.

17. Despite Mrs. Galarza's several demands, Defendant continued to place calls to Mrs. Galarza's Cellular Telephone in attempts to collect the Debt.

18. Defendant has called Mrs. Galarza's Cellular Telephone at least one hundred (100) times during the time period from May of 2018 to the present date.

19. Defendant called Mrs. Galarza's Cellular Telephone from several different telephone numbers, including, but not limited to: 480-550-3212, 385-261-7112, 614-758-2329, and 385-261-7142.

20. All of Defendant's calls to Mrs. Galarza's Cellular Telephone were placed in an attempt to collect the Debt.

21. Defendant has harassed Mrs. Galarza due to the timing and frequency of Defendant's calls.

### *Count 1: Violation of the Telephone Consumer Protection Act*

22. Mrs. Galarza re-alleges paragraphs 1-21 and incorporates the same herein by reference.

23. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

24. Mrs. Galarza revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around May of 2018 when she expressly told Defendant to stop calling her.

25. Despite this revocation of consent, Defendant thereafter called Mrs. Galarza's Cellular Telephone at least one hundred (100) times.

26. Defendant did not place any emergency calls to Mrs. Galarza's Cellular Telephone.

27. Defendant willfully and knowingly placed non-emergency calls to Mrs. Galarza's Cellular Telephone.

28. Mrs. Galarza knew that Defendant called Mrs. Galarza's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

29. Mrs. Galarza knew that Defendant called Mrs. Galarza's Cellular Telephone using a prerecorded voice because Defendant left Mrs. Galarza at least one voicemail using a prerecorded voice.

30. Defendant used an ATDS when it placed at least one call to Mrs. Galarza's Cellular Telephone.

31. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mrs. Galarza's Cellular Telephone.

32. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mrs. Galarza's Cellular Telephone.

33. Under information and belief, Defendant used an ATDS when it placed all calls to Mrs. Galarza's Cellular Telephone.

34. At least one call that Defendant placed to Mrs. Galarza's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

35. At least one call that Defendant placed to Mrs. Galarza's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

36. At least one call that Defendant placed to Mrs. Galarza's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

37. At least one call that Defendant placed to Mrs. Galarza's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

38. At least one call that Defendant placed to Mrs. Galarza's Cellular Telephone was made using a prerecorded voice.

39. Defendant has recorded at least one conversation with Mrs. Galarza.

40. Defendant has recorded more than one conversation with Mrs. Galarza.

41. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mrs. Galarza, for its financial gain.

42. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mrs. Galarza's Cellular Telephone, with no way for

the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

43. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mrs. Galarza, despite individuals like Mrs. Galarza revoking any consent that Defendant believes it may have to place such calls.

44. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mrs. Galarza's Cellular Telephone.

45. Defendant has corporate policies to abuse and harass consumers like Mrs. Galarza.

46. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

47. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

48. Defendant's phone calls harmed Mrs. Galarza by causing her emotional distress.

49. Defendant's phone calls harmed Mrs. Galarza by causing her stress.

50. Defendant's phone calls harmed Mrs. Galarza by causing her anxiety.

51. Defendant's phone calls harmed Mrs. Galarza by causing her aggravation.

52. Defendant's phone calls harmed Mrs. Galarza by being an annoyance.

53. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

54. Mrs. Galarza re-alleges paragraphs 1-21 and incorporates the same herein by reference.

55. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mrs. Galarza's Cellular Telephone despite Mrs. Galarza's several demands that Defendant stop calling her Cellular Telephone and notification to Defendant that its calls were causing her distress, which can reasonably be expected to harass Mrs. Galarza.

56. As a result of the above violations of the FCCPA, Mrs. Galarza has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

57. Defendant's phone calls harmed Mrs. Galarza by causing her emotional distress.

58. Defendant's phone calls harmed Mrs. Galarza by causing her stress.

59. Defendant's phone calls harmed Mrs. Galarza by causing her anxiety.

60. Defendant's phone calls harmed Mrs. Galarza by causing her aggravation.

61. Defendant's phone calls harmed Mrs. Galarza by being an annoyance.

62. It has been necessary for Mrs. Galarza to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

63. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Seanna Galarza, demands a trial by jury on all issues so triable.

Respectfully submitted this **April 25, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff